**Balraj SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70995.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2005.

Decided Nov. 3, 2005.

David B. Gardner, Esq., Law Offices of David B. Gardner, Los Angeles, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer L. Lightbody, Esq., U.S. Depart-

ment of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, RYMER and PLAGER,* Circuit Judges.

## MEMORANDUM **

Balraj Singh, a native and citizen of India, petitions for review of the decision by the Board of Immigration Appeals ("Board") denying his motion to reopen deportation proceedings to apply for adjustment of status. Because this is a transitional rules case, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to former 8 U.S.C. § 1105a(a) (repealed). Reviewing for abuse of discretion, *Shaar v. INS*, 141 F.3d 953, 955 (9th Cir.1998), we deny the petition for review.

Singh is ineligible for adjustment of status because he failed to depart during the thirty-day voluntary departure period previously established by the Board in his case. *See* 8 U.S.C. § 1252b(e)(2)(A) (repealed) (explaining that failure to depart during the specified time period results in a five-year bar to certain forms of discretionary relief, absent "exceptional circumstances"). Therefore, the Board did not abuse its discretion in denying his motion to reopen to apply for adjustment of status. *See Shaar*, 141 F.3d at 957 (holding that Board did not abuse its discretion in denying motion to reopen to apply for discretionary relief when aliens did not depart within the voluntary departure period). Contrary to Singh's contention, this case is controlled by *Shaar* rather than *Azarte v. Ashcroft*, 394 F.3d 1278 (9th Cir.2005), which applies only to cases arising under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, *id.* at 1286.

Singh's contention that barring him from applying for adjustment of status violates his due process rights is unpersuasive. *See Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir.2003) (holding that denial of discretionary relief does not violate due process); *Shaar*, 141 F.3d at 958 (holding that denial of motion to reopen for failure to comply with grant of voluntary departure does not violate due process).

To the extent Singh contends that the Board's October 7, 2003, decision denying his motion to remand to apply for relief under the Convention Against Torture was in error, we lack jurisdiction because that decision is not before us. Singh petitioned for review of only the Board's February 4, 2004, denial of his motion to reopen to apply for adjustment of status, not the Board's underlying decision on the merits of his claim. Accordingly, we dismiss the portion of Singh's petition addressing his claim under the Convention Against Torture.

**PETITION DENIED IN PART AND DISMISSED IN PART.**

---

* The Honorable S. Jay Plager, Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

** This Disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.